**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James R Hunter,<br><br>   Plaintiff,<br><br>v.<br><br>Unknown Galvan,<br><br>   Defendant. | No. CV-21-01228-PHX-SRB (ESW)<br><br>**ORDER** |

   Plaintiff James Hunter, who is confined in the Arizona State Prison Complex – Stiner Unit has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). The Court screened the Complaint pursuant to 28 U.S.C. § 1915A(a) and ordered Defendant Galvan to answer (Doc. 7 at 12). Service was ordered to be completed within 90 days of the filing of the Complaint or within 60 days of the filing of the Order, whichever is later, or the action may be dismissed as to each Defendant not served. (Id.). On November 30, 2021, the United States Marshal Service ("USMS") filed a Process Receipt and Return unexecuted as to Defendant Galvan, indicating "Not at address, whereabouts unknown." (Doc. 14). Plaintiff filed his "Motion for Leave/"Extend Time to Serve Defendant"/Order Defendant to Provide Court with Defendant "Galvan's" Last Known Address" (Doc. 15) and "Plaintiff's Notice to Court of "Plaintiff's Rule 34(A) Request for Production of Defendant's "Galvan" Present or Last Known Address." (Doc. 16). Plaintiff seeks additional time to serve Defendant Galvan and requests that Defendant Galvan's address be provided to the USMS and Clerk of Court under seal so that Defendant Galvan

can be served at his last known or current address.

Under Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id.

As the Ninth Circuit Court of Appeals has explained, "Rule 4(m) requires a two step analysis in deciding whether or not to extend the prescribed time period for the service of a complaint." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (citing Fed. R. Civ. P. 4(m) and *Petrucelli v. Bohringer & Ratzinger*, GMBH, 46 F.3d 1298, 1305 (3d Cir. 1995)). "First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *Id.* The Ninth Circuit has found it "unnecessary, however, to articulate a specific test that a court must apply in exercising its discretion under Rule 4(m)," noting "only that, under the terms of the rule, the court's discretion is broad." *Id.* at 513. Yet "no court has ruled that the discretion is limitless. In making extension decisions under Rule 4(m) a district court may consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (emphasis added). If a pro se prisoner proceeding in forma pauperis has provided to the USMS sufficient information to effectuate service on a defendant, the USMS' failure to effect service is "automatically good cause" to extend the service deadline. *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995). But where a prisoner fails to provide the USMS with accurate and sufficient information to effect service of the summons and complaint, a court's sua sponte dismissal of the unserved defendant(s) is appropriate. *Id.* It is not the Court's role to assist Plaintiff in obtaining Defendant Galvan's address. *See Bias v. Moynihan* , 508 F.3d 1212, 1219 (9th Cir. 2007)

("A district court lacks the power to act as a party's lawyer, even for pro se litigants."); *Pliler v. Ford*, 542 U.S. 225, 231 (2004) (federal "judges have no obligation to act as counsel or paralegal to pro se litigants") (italics in original); *Barnes v. United States*, 241 F.2d 252 (9th Cir. 1956) (noting pro se litigant does not have rights that a represented litigant does not have).

The Court will grant Plaintiff an extension of time to complete service and will permit Plaintiff to conduct reasonable discovery limited to ascertaining the requisite service information for Defendant Galvan, specifically the Defendant's current addresses or last address of record while working for the Arizona Department of Corrections ("ADOC"). The USMS's inability to effect service on Plaintiff's behalf is good cause for an extension of time to complete service of process. *Pruett v. Blanford*, 912 F. 2d 270, 276 (9th Cir. 1990). Plaintiff may obtain Defendant Galvan's address through a subpoena duces tecum. The Court will provide Plaintiff with a blank subpoena duces tecum which he may use to obtain the address information for Defendant Galvan from ADOC. The Clerk of Court will file any information disclosed by ADOC under seal and provide same to USMS for service of process.

For good cause shown,

IT IS ORDERED granting in part Plaintiff's "Motion for Leave/"Extend Time to Serve Defendant"/Order Defendant to Provide Court with Defendant "Galvan's" Last Known Address" (Doc. 15). The time for service of process on Defendant Galvan is extended to **March 17, 2022**.

IT IS FURTHER ORDERED:  1) The Clerk of Court is directed to issue and send to Plaintiff a subpoena duces tecum in blank; 2) Plaintiff shall complete the subpoena duces tecum requesting documents from ADOC that would contain a current or last address of record for Defendant Galvan and return the subpoena duces tecum to the Clerk of Court on or before **January 15, 2022**; 3) Upon receipt of the completed subpoena, the Clerk of Court is directed to forward it to the USMS for service.

IT IS FUTHER ORDERED:  1) Plaintiff must complete the subpoena such that the

documents requested are returned to the Court, not to Plaintiff; 2) Upon receipt of the documents, the Clerk of Court is directed to file the documents containing the address of Defendant Galvan under seal; 3) Upon receipt of the address of Defendant Galvan, the Clerk of Court is directed to complete a service packet and forward it to the USMS for service; 4) Service shall be made within ninety days of the date of this Order at Government expense by the United States Marshal or his authorized representative pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure.  Failure to accomplish service within this time period may result in dismissal of Plaintiff's claims for failure to serve pursuant to Fed. R. Civ. P. 4 (m); 5) Defendant has twenty (20) days from the date of service within which to answer or otherwise respond to the Complaint as provided by the Fed. R. Civ. P.

Dated this 17th day of December, 2021.

Honorable Eileen S. Willett
United States Magistrate Judge